UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. |
| 200 Public Square, 33rd Floor | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| SENECA COAL RESOURCES, LLC, | ) | |
| 15 Appledore Lane | ) | |
| P.O. Box 87 | ) | |
| Natural Bridge, Virginia 24578 | ) | |
| | ) | |
| also serve | ) | |
| | ) | |
| SENECA COAL RESOURCES, LLC | ) | |
| c/o Corporation Service Company | ) | |
| 2711 Centerville Rd., Suite 400 | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| THOMAS M. CLARKE | ) | |
| 16620 Lee Highway | ) | |
| Buchanan, VA 24066 | ) | |
| | ) | |
| ANA M. CLARKE | ) | |
| 16620 Lee Highway | ) | |
| Buchanan, VA 24066 | ) | |
| | ) | |
| KENNETH R. MCCOY | ) | |
| 7608 Trail Blazer Trail | ) | |
| Wake Forest, NC 27587 | ) | |
| | ) | |
| JASON R. MCCOY | ) | |
| 9113 Linslade Way | ) | |
| Wake Forest, NC 27587 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Cliffs Natural Resources Inc., for its Complaint against Defendants Seneca Coal Resources, LLC ("Seneca"), Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy, specifically states and avers the following:

## INTRODUCTION

1. This lawsuit arises from a breach by Seneca of its contract with Cliffs regarding the sale of certain mining assets. Instead of complying with its post-closing requirements and paying monies due to Cliffs, Seneca has failed and/or refused to do so, causing damages to Cliffs.

2. In addition, upon information and belief, Seneca, Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy intend to transfer certain of Seneca's assets to Seneca's affiliate companies and/or owners (including Defendants Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy) rather than paying money due and owing to Cliffs. Cliffs thus seeks a declaration that Defendants are not permitted to make any such transfers until such time that Seneca cures its breaches to Cliffs.

## THE PARTIES, JURISDICTION, AND VENUE

3. Cliffs is an Ohio corporation and, for 169 years, Cliffs has had, and continues to have, its principal place of business in Cuyahoga County, Ohio. Cliffs is a leading mining and natural resources company and is a major supplier of iron ore pellets to the North American steel industry from its mines and pellet plants located in Michigan and Minnesota. Cliffs also operates an iron ore mining complex in Western Australia.

4. On information and belief, Seneca is a Delaware limited liability company with its principal place of business in Virginia. Upon information and belief, all of its members are citizens of Virginia and/or North Carolina. None of its members are citizens of Ohio.

5. On information and belief, Thomas M. Clarke is a citizen of Virginia.

6. On information and belief, Ana M. Clarke is a citizen of Virginia.

7. On information and belief, Kenneth R. McCoy is a citizen of North Carolina.

8. On information and belief, Jason R. McCoy is a citizen of North Carolina.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and, upon information and belief, complete diversity exists among the parties.

10. This Court has personal jurisdiction over the Defendants pursuant to R.C. § 2307.382(1), (3), and (6), and R.C. § 2721.12.

11. Venue is proper in this forum because this matter arises from a July 2016 Settlement Agreement, over which this Court specifically retained jurisdiction. Further, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### The Unit Purchase Agreement

12. On December 22, 2015, Cliffs, CLF PinnOak LLC, and Seneca entered into a Unit Purchase Agreement (the "UPA"), whereby Cliffs, through CLF PinnOak LLC, agreed to sell the outstanding equity interests of Cliffs North American Coal LLC ("CNAC") to Seneca. The UPA is not attached as it contains confidential information and Seneca has a copy in its possession.

13. In the UPA, Seneca promised to perform certain post-closing requirements, including replacing certain bonds and guarantees, as well as reimburse Cliffs for certain expenses made prior to and after entering into the UPA. With respect to replacing certain bonds, Seneca promised to file replacement surety bonds and cause the release of Cliffs' bonds within 45 days of the Closing Date (December 22, 2015).

14. Because of the sale of equity interests in CNAC to Seneca, Seneca had and has a responsibility to assume all liabilities not expressly excluded in the UPA, including the purchase of worker's compensation insurance, and the administration of the same, for the benefit of its workers.

15. The parties also agreed to a broad indemnification provision, whereby Seneca agreed to indemnify and hold harmless Cliffs from any and all Losses arising out of or resulting from the breach of any agreement of Seneca in the UPA or the Bonds and Guarantees (as defined in the UPA), including attorneys' fees.

### Seneca's Failure to Perform its Duties Under the UPA

16. Despite its clear responsibility to replace certain bonds within 45 days, Seneca failed to do so. Seneca also failed to cause the timely release of certain guarantees and letters of credit. These failures forced Cliffs to incur certain out-of-pocket costs and suffered costs and injury from reduced liquidity under its credit facility. Seneca has failed to reimburse Cliffs for those costs.

17. Despite its clear and acknowledged responsibility to reimburse Cliffs for certain expenses, such as capital lease repayments, worker's compensation costs, medical out-of-pocket costs, bond premiums, payroll services, and certain legal costs, Seneca has failed and/or refused to reimburse Cliffs for those expenses.

18. Despite Seneca's acknowledgment of the need for Seneca to obtain workers' compensation insurance and replace certain letters of credit, Seneca has failed to do so. Seneca has also failed to assume the administration of ongoing workers' compensation matters, as required and acknowledged by Seneca.

19. Cliffs has sent monthly invoices to Seneca and has had frequent communications with Seneca regarding Seneca's duties under the UPA. Cliffs has also had multiple

communications and meetings with Seneca over the past few months, where Seneca acknowledged its duties. However, Seneca has continued to breach the UPA.

### The BB&T Litigation and Settlement Agreement

20. In February 2016, BB&T Equipment Finance filed a lawsuit in the Northern District of Ohio against Seneca's company Oak Grove Resources and Cliffs (as guarantor) for Seneca's failure to make timely lease payments (the "BB&T Litigation").

21. Cliffs requested indemnification from Seneca regarding the BB&T Litigation, and Seneca agreed to indemnify Cliffs for all expenses incurred as a result of the BB&T Litigation.

22. Effective July 14, 2016, the parties agreed to a Settlement Agreement to resolve the BB&T Litigation. As part of that Settlement Agreement, Cliffs specifically reserved all rights against Seneca, including any and all defaults under the UPA, and Cliffs' right to seek indemnification from Seneca for Cliffs' losses in the BB&T Litigation, including attorneys' fees. Seneca also reserved all rights against Cliffs in the Settlement Agreement.

23. As part of the Settlement Agreement, the parties agreed that "Judge Polster and the Federal District Court for the Northern District of Ohio, Eastern Division shall retain jurisdiction to enforce the terms of this Agreement or otherwise." The terms of the Settlement Agreement includes Cliffs' reservation of rights against Seneca regarding defaults under the UPA.

24. On July 14, 2016, this Court dismissed the BB&T Litigation with prejudice, specifically retaining jurisdiction under the Settlement Agreement.

25. Although Seneca agreed to indemnify Cliffs for all expenses incurred in the BB&T Litigation, Seneca has failed and/or refused to reimburse Cliffs for those expenses, including attorneys' fees and interest incurred in the BB&T Litigation.

**Seneca's Potential Transfers of Assets**

26. Despite Seneca owing money to Cliffs under the UPA and the BB&T Settlement Agreement, upon information and belief, Defendants are planning to transfer assets from Seneca to its affiliates or owners (including Defendants) instead of paying off its legitimate debts to Cliffs.

27. Upon information and belief, Defendants plan to transfer assets from Seneca to Defendant Thomas M. Clarke prior to December 31, 2016 as part of a "reorganization."

28. Upon information and belief, Mr. Clarke is not a legitimate creditor of Seneca.

29. Upon information and belief, the assets transferred to Mr. Clarke by Defendants will not be for value.

30. Upon information and belief, instead of paying off its debts to Cliffs, Defendants are also planning to use the assets from Seneca to fund affiliate companies.

31. Agents of Seneca have stated to Cliffs that Seneca does not have the funds to pay its debts to Cliffs. Despite these statements, Defendants still plan to transfer Seneca's assets rather than pay the debts to Cliffs.

32. On December 7, 2016, counsel for Cliffs sent a letter to Seneca and Mr. Clarke stating that "no transfer of money should be made to you or others until Cliffs' rights to payment from Seneca (including the replacement of the collateral for the workers' compensation policies) have been satisfied by Seneca. Otherwise any such transfer may be deemed a fraudulent conveyance under Ohio Rev. Code Ann. § 13336.04(A)(1) and (2). Please provide [Cliffs' counsel] written confirmation that Seneca will not make any such transfers until the debts due Cliffs by Seneca are paid in full." Neither Seneca nor Mr. Clarke has provided any confirmation (written or otherwise) that such transfers will not be made.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract – The UPA)

33. Cliffs reaffirms and realleges the allegations contained in paragraphs 1 through 32 of this Complaint as if rewritten fully herein.

34. The UPA is a valid and enforceable contract.

35. Cliffs has performed its obligations under the UPA in good faith.

36. Seneca has failed or refused to reimburse Cliffs for expenses incurred, as promised in the UPA.

37. Seneca has failed or refused to indemnify Cliffs for expenses incurred in the BB&T Litigation.

38. Seneca failed or refused to replace certain bonds and guarantees, forcing Cliffs to incur additional expenses that Seneca failed or refused to pay.

39. Seneca has failed or refused to obtain workers' compensation insurance, obtain new financial assurance sufficient to release Cliffs' letters of credit in excess of $10,112,693, and take over the administration of workers' compensation matters as required under the UPA and as acknowledged by Seneca.

40. As a direct and proximate result of Seneca's breach of contract, Cliffs has suffered compensatory damages in an amount to be determined at trial, but in excess of $6 million and been damaged by the on-going costs of supplying letters of credit in an amount of $10,112,693.

41. In addition, Cliffs is entitled to its attorneys' fees in this action under the parties' indemnification provision.

## COUNT II
### (Declaratory Judgment – R.C. 2721.01 *et seq*.)

42. Cliffs reaffirms and realleges the allegations contained in paragraphs 1 through 41 of this Complaint as if rewritten fully herein.

43. Based upon the UPA, Defendant Seneca has an outstanding debt to Cliffs for reimbursement and indemnification. This balance continues to be due and owing to Cliffs despite repeated attempts by Cliffs to obtain payment from Seneca in satisfaction of the debt.

44. Seneca does not dispute that this debt is legitimate and is due and owing to Cliffs, but claims it lacks the funds to pay its debts to Cliffs as they have become due.

45. Upon information and belief, instead of using Seneca's funds for payment to Cliffs in satisfaction of the debt, Defendants plan to transfer and/or divert monies and/or funds from Seneca to affiliated companies and/or owners with the actual intent to hinder, delay, or defraud Cliffs.

46. The affiliated companies and owners (including Defendants) are insiders of Seneca with knowledge of the debt owed to Cliffs.

47. Upon information and belief, Seneca will not receive any equivalent value in exchange for the transfer or proposed transfer of funds.

48. In addition, at the time of the proposed transfer, upon information and belief Seneca (a) will be engaged in a business or a transaction for which the remaining assets of Seneca will be unreasonably small in relation to the business or transaction and/or (b) will intend to incur, or believed or reasonably should have believed that it will incur, debts beyond the its ability to pay as they became due.

49. If the transfer is allowed to proceed, Cliffs will suffer damages.

50. There exists a substantial and actual justifiable controversy between Cliffs and Defendants who have adverse legal interests of sufficient immediacy and reality. The adverse legal rights of Cliffs and Defendants are directly affected to a specific and substantial degree by the controversy.

51. The controversy is ripe for adjudication.

52. This action would serve a useful purpose in clarifying the legal relations at issue and a judgment by this Court would settle the controversy between Cliffs and Defendants regarding the proposed transfer.

53. Cliffs seeks a final judgment declaring that Defendants are not entitled to transfer money or assets from Seneca to affiliated companies or owners (including Defendants) until Cliffs' rights to payment from Seneca (including the replacement of the collateral for the workers' compensation policies) have been satisfied by Seneca.

## **DEMAND FOR JUDGMENT**

**WHEREFORE**, Plaintiff Cliffs Natural Resources Inc. respectfully requests that the Court enter judgment in its favor and against Defendant Seneca Coal Resources, LLC as follows:

A. Compensatory damages in an amount to be determined at trial, but no less than $6 million ($6,000,000), exclusive of costs and interest;

B. An Order that Seneca immediately replace letters of credit in the amount of $10,112,693 that Cliffs has been required to supply on Seneca's behalf;

C. Costs, interest, and attorneys' fees under the parties' indemnification provision;

D. A declaration that Defendants are not entitled to transfer money or assets from Seneca to affiliated companies or owners (including Defendants) until Cliffs' rights to payment from Seneca (including the replacement of the collateral for the workers' compensation policies) have been satisfied by Seneca; and

E. Any other relief this Court may deem just an appropriate under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Robert J. Fogarty |
| OF COUNSEL: | Robert J. Fogarty (0006818) |
|  | E. Sean Medina (0082558) |
| HAHN LOESER & PARKS LLP | 200 Public Square – Suite 2800 |
|  | Cleveland, Ohio 44114 |
|  | Phone: (216) 621-0150 |
|  | Fax: (216) 241-2824 |
|  | Email: rjfogarty@hahnlaw.com |
|  | smedina@hahnlaw.com |
|  | Attorneys for Plaintiff Cliffs Natural Resources Inc. |