IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLIFFS NATURAL RESOURCES INC., *et al*. | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 17-567-GAM |
| v. | ) ) ) |
| SENECA COAL RESOURCES, LLC, *et al*. | ) ) |
| Defendants | ) ) |

**CLEVELAND-CLIFFS INC. AND CLF PINNOAK LLC'S ANSWER TO SENECA NATURAL RESOURCES, LLC'S SECOND AMENDED COUNTERCLAIM**

Plaintiffs Cleveland-Cliffs Inc. f/k/a Cliffs Natural Resources Inc. and CLF PinnOak LLC (collectively "Cliffs"), for its Answer to the Second Amended Counterclaim (the "Counterclaim") of Defendant Seneca Coal Resources, LLC ("Seneca"), states the following:

1. Cliffs admits the allegations contained in paragraph 1 of the Counterclaim.

2. Cliffs admits the allegations contained in paragraph 2 of the Counterclaim.

3. In response to paragraph 3 of the Counterclaim, Cliffs admits that CLF is a Delaware limited liability company, but denies that CLF PinnOak's present principal place of business is unknown.

4. Cliffs admits the allegations contained in paragraph 4 of the Counterclaim.

5. In response to paragraph 5 of the Counterclaim, Cliffs admits that as part of the UPA, Cliffs sold certain rights and related inventory in Wyoming County, West Virginia and Jefferson County, Alabama. Further answering, Cliffs is without knowledge regarding the truth or falsity of the remaining allegations contained in paragraph 5 of the Counterclaim, and therefore denies the same.

## FIRST COUNTERCLAIM
### (Breach of Contract – The "Off-Books" Accounts Payables)

6. Cliffs incorporates the preceding paragraphs of its Answer as if fully rewritten herein.

7. Cliffs admits that it and Seneca are parties to the December 22, 2015 Unit Purchase Agreement ("UPA"). Cliffs denies the remainder of the allegations contained in paragraph 7 of the Counterclaim.

8. Cliffs denies the allegations contained in paragraph 8 of the Counterclaim.

9. Cliffs denies the allegations contained in paragraph 9 of the Counterclaim.

10. Cliffs denies the allegations contained in paragraph 10 of the Counterclaim.

11. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 11 of the Counterclaim.

12. Cliffs denies the allegations contained in paragraph 12 of the Counterclaim.

13. Cliffs denies the allegations contained in paragraph 13 of the Counterclaim and states that Seneca is not entitled to any damages.

## SECOND COUNTERCLAIM
### (Brief of Contract – Failure to Contribute to UMWA Pension Fund)

14. Cliffs incorporates the preceding paragraphs of its Answer as if fully rewritten herein.

15. Cliffs admits that it and Seneca are parties to the December 22, 2015 Unit Purchase Agreement ("UPA"). Cliffs denies the remainder of the allegations contained in paragraph 15 of the Counterclaim.

16. Cliffs denies the allegations contained in paragraph 16 of the Counterclaim.

9902669.1

17. Cliffs admits that the UMWA Funds conducted an audit of Oak Grove. Cliffs denies the remainder of the allegations contained in paragraph 17 of the Counterclaim.

18. Cliffs admits it was aware that the audit was ongoing, as was Seneca and the employees of Oak Grove, which became Seneca employees as of December 22, 2015. Cliffs denies the remainder of the allegations contained in paragraph 18 of the Counterclaim.

19. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 19 of the Counterclaim, and therefore denies the same. Cliffs further states that it paid more than $40 million into the UMWA Funds from 2007 to 2015.

20. Cliffs denies the allegations contained in paragraph 20 of the Counterclaim.

21. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 21 of the Counterclaim, and therefore denies the same.

22. Cliffs denies the allegations contained in paragraph 22 of the Counterclaim.

23. Cliffs denies the allegations contained in paragraph 23 of the Counterclaim.

24. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 24 of the Counterclaim, and therefore denies the same.

25. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 25 of the Counterclaim.

26. Cliffs denies the allegations contained in paragraph 26 of the Counterclaim.

27. Cliffs denies the allegations contained in paragraph 27 of the Counterclaim and states that Seneca is not entitled to any damages.

## THIRD COUNTERCLAIM
### (Breach of Contract – Contractual Shortages at Closing)

28. Cliffs incorporates the preceding paragraphs of its Answer as if fully rewritten herein.

29. Cliffs admits that it and Seneca are parties to the December 22, 2015 Unit Purchase Agreement ("UPA"). Cliffs denies the remainder of the allegations contained in paragraph 29 of the Counterclaim.

30. Cliffs admits that it made payments of $2 million to certain vendors prior to the closing date, but denies that it was *quid pro quo* for any consideration on behalf of Seneca. Cliffs also admits that the only provision in the UPA with regard to a specific amount of accounts payable is a closing condition that Cliffs would submit documentation satisfactory to Seneca that Cliffs North American Coal and its subsidiaries had no more than $16.5 million in accounts payable. Cliffs further admits that it complied with this provision. Cliffs denies the remainder of allegations contained in paragraph 30 of the Counterclaim.

31. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 31 of the Counterclaim.

32. Cliffs denies the allegations contained in paragraph 32 of the Counterclaim.

33. Cliffs denies the allegations contained in paragraph 33 of the Counterclaim and states that Seneca is not entitled to any damages.

## FOURTH COUNTERCLAIM
### (Breach of Contract – Missing and/or Obsolete Equipment)

34. Cliffs incorporates the preceding paragraphs of its Answer as if fully rewritten herein.

9902669.1

35. Cliffs admits that it and Seneca are parties to the December 22, 2015 Unit Purchase Agreement ("UPA"). Cliffs denies the remainder of the allegations contained in paragraph 35 of the Counterclaim.

36. In response to paragraph 36 of the Counterclaim, Cliffs states that the UPA speaks for itself. Further answering, Cliffs denies the remainder of allegations contained in paragraph 36 of the Counterclaim.

37. In response to paragraph 37 of the Counterclaim, Cliffs states that the UPA speaks for itself. Further answering, Cliffs denies the remainder of allegations contained in paragraph 37 of the Counterclaim.

38. Cliffs is without knowledge regarding the truth or falsity of what "Seneca [allegedly] discovered", and therefore denies the same. Further answering, Cliffs denies that any supplies and/or inventory were obsolete or missing.

39. Cliffs denies the allegations contained in paragraph 39 of the Counterclaim.

40. Cliffs denies the allegations contained in paragraph 40 of the Counterclaim.

41. Cliffs denies the allegations contained in paragraph 41 of the Counterclaim.

42. Cliffs denies the allegations contained in paragraph 42 of the Counterclaim.

43. Cliffs denies the allegations contained in paragraph 43 of the Counterclaim.

44. Cliffs denies the allegations contained in paragraph 44 of the Counterclaim.

45. Cliffs denies the allegations contained in paragraph 45 of the Counterclaim.

46. Cliffs denies the allegations contained in paragraph 46 of the Counterclaim and states that Seneca is not entitled to any damages.

47. Cliffs denies each and every allegation contained in the Counterclaim not expressly admitted herein.

48. Cliffs denies the allegations set forth in Seneca's Prayer for Relieve and states that Seneca is not entitled to any set-off or damages whatsoever.

**AFFIRMATIVE DEFENSES**

1. Cliffs does not assume the burden of proof on any of the following defenses where the substantive law provides otherwise.

2. Seneca's Counterclaim fail to state a claim upon which relief can be granted.

3. Seneca's Counterclaims are barred in whole or in part by the parol evidence rule.

4. Seneca's Counterclaims are barred in whole or in part by the doctrines of waiver and/or estoppel.

5. Seneca's Counterclaims are barred in whole or in part by the terms of the UPA.

6. Seneca's Counterclaims are barred in whole or in part by its own breach of contract.

7. Seneca's Counterclaims are barred in whole or in part by its failure to mitigate or minimize its damages.

8. Seneca's Counterclaims are barred in whole or in part by the doctrines of setoff and/or recoupment.

9. Seneca's Counterclaims are barred in whole or in part by a failure of a condition precedent.

10. Seneca's Counterclaims are barred by any other matter constituting an avoidance or affirmative defense, and Cliffs reserves the right to assert to same.

9902669.1

| | |
|---|---|
| Dated: January 19, 2018 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |

/s/ *Pilar G. Kraman*
John T. Dorsey (No. 2988)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
302.571.6600
jdorsey@ycst.com
pkraman@ycst.com

and

Robert J. Fogarty (Ohio 0006818)
(*pro hac vice*)
E. Sean Medina (Ohio 0082558)
(*pro hac vice*)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, OH 44114
Phone: 216.621.0150
Facsimile: 216.241.2824
Email: rjfogarty@hahnlaw.com
        smedina@hahnlaw.com

*Attorneys for Plaintiffs Cleveland-Cliffs Inc. and CLF PinnOak LLC*

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on January 19, 2018, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on January 19, 2018, I caused the foregoing document to be served by e-mail on the following counsel of record:

> Christopher Viceconte
> Gibbons P.C.
> 300 Delaware Avenue, Suite 1015
> Wilmington, DE 19801
> *cviceconte@gibbonslaw.com*
>
> Camille V. Otero
> William S. Hatfield
> Kevin W. Weber
> Caroline E. Oks
> Debra A. Clifford
> Gibbons P.C.
> One Gateway Center
> Newark, NJ 07102
> *cotero@gibbonslaw.com*
> *whatfield@gibbonslaw.com*
> *kweber@gibbonslaw.com*
> *coks@gibbonslaw.com*
> *dclifford@gibbonslaw.com*
>
> *Attorneys for Defendant Seneca Coal Resources, LLC*
>
> Donna L. Culver
> Derek C. Abbott
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE 19899-1347
> *dculver@mnat.com*
> *dabbott@mnat.com*
>
> *Attorneys for Kenneth R. McCoy, Jason R. McCoy, and Iron Management II, LLC*

01:21926431.1

2

      Samuel T. Hirzel, II
      Jamie L. Brown
      Heyman Enerio Gattuso & Hirzel LLP
      300 Delaware Avenue, Suite 200
      Wilmington, DE 19801
      *shirzel@hegh.law*
      *jbrown@hegh.law*

      *Attorneys for Lara Natural Resources, LLC,*
      *Thomas M. Clarke, and Ana M. Clarke*


      YOUNG CONAWAY STARGATT & TAYLOR, LLP


      */s/ Pilar G. Kraman*
      John Dorsey (No. 2988)
      Pilar G. Kraman (No. 5199)
      Rodney Square
      1000 North King Street
      Wilmington, Delaware 19801
      (302) 571-6600
      *jdorsey@ycst.com*
      *pkraman@ycst.com*

      *Attorneys for Plaintiffs*
      *Cleveland-Cliffs Inc. and CLF PinnOak LLC*

Dated: January 19, 2018