# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC.; <br> CLF PINNOAK LLC, <br>                   Plaintiffs, <br>   <br>                 v. <br>   <br> SENECA COAL RESOURCES, LLC.; <br> THOMAS M. CLARKE; <br> ANA M. CLARKE; <br> KENNETH R. MCCOY; <br> JASON R. MCCOY; <br> LARA NATURAL RESOURCES, LLC; <br> IRON MANAGEMENT II, LLC, <br>                 Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> No. 17-567 |

**McHUGH, J.**                                                                                        April 30, 2018

## MEMORANDUM

This case raises the question of whether a federal court, finding itself without diversity jurisdiction over a pending action, may nonetheless consider a plaintiff's motion to amend its complaint, seeking to assert a new claim arising under a federal statute, giving rise to federal question jurisdiction. Because jurisdiction is the foundation for all judicial power, I conclude that I lack the authority to consider Plaintiffs' Motion to Amend, and therefore this action must be dismissed.

**I.  Pertinent Facts and Procedural Background**

Plaintiffs Cliffs Natural Resources Inc. and CLF Pinnoak LLC filed this action in December 2016 in the Northern District of Ohio against Defendants Seneca Coal LLC, Iron Management II, LLC, and individual defendants. Compl., ECF No. 1. The lawsuit involves state breach of contract claims arising from a transaction by which Plaintiffs conveyed mining

1

assets to Defendants.  In May 2017, the Ohio court, on Defendants' motion, ordered this case transferred to the District of Delaware.  ECF Nos. 59–60.  Over the past year, the parties have been engaged in extensive discovery.  Then, on March 16, 2018, Defendants filed a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter, ECF No. 250, having realized that Plaintiffs and Seneca are citizens of the same state.

Plaintiffs brought this action under federal diversity jurisdiction, 28 U.S.C. § 1332(a)(1), asserting that complete diversity of citizenship exists among the parties.  In Defendants' Motion to Dismiss, however, they argue that complete diversity of the parties is lacking.  Federal jurisdiction under § 1332(a)(1) requires complete diversity of citizenship, meaning that "no plaintiff can be a citizen of the same state as any of the defendants."  *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  A natural person is a citizen of "the state where he is domiciled," and a corporation is a citizen of the state where it maintains its principal place of business, as well as the state where it is incorporated.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  For purposes of § 1332, the citizenship of a limited liability corporation ("LLC") is determined "by the citizenship of each of its members."  *Id.*  Plaintiff Cliffs Natural Resources Inc. is incorporated in Ohio, and Plaintiff CLF Pinnoak LLC is incorporated in Delaware and maintains its principal place of business in Ohio.  Third Am. Compl. ¶¶ 3–4, ECF No. 162.  In moving to dismiss this action for lack of jurisdiction, Defendants assert that Seneca Coal Resources, LLC, a Delaware corporation, includes members who are Ohio citizens, thus destroying complete diversity as required for § 1332.

As Defendants argue, one of Seneca's members, ENCECO, Inc., is incorporated in Ohio, and was already incorporated in Ohio at the time Plaintiffs filed their complaint in 2016.

ENCECO has a ten percent ownership interest in Seneca. *See* Defs.' Br. 5, ECF No. 251. Defendants also assert that Mark Bartkoski, an individual with a three percent interest in Seneca, was an Ohio citizen when Plaintiffs filed their Complaint. *Id.* at 5. Defendants have supported their allegations as to ENCECO's interest and citizenship with declarations from Charles Ebetino, one of ENCECO's board members. Ebetino Decl., ECF No. 255.[1]

In responding to Defendants' Motion, Plaintiffs do not directly dispute Defendants' claim that complete diversity is lacking. *See* Pls.' Br. 9–11, ECF No. 263 (contending that the record is "unclear" on some points related to Seneca's membership, but not directly disputing that ENCECO has an interest in Seneca and is incorporated in Ohio). Instead, Plaintiffs have effectively conceded the point, and now attempt to establish federal jurisdiction by seeking leave to file a Fourth Amended Complaint. *See id.* at 11. The proposed Fourth Amended Complaint alleges that Defendants have engaged in conduct violating the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 [hereinafter "RICO"]. Plaintiffs' RICO claims expand on the fraudulent conveyance claims asserted in the Third Amended Complaint. Plaintiffs allege that Thomas Clarke, Ana Clarke, Kenneth McCoy, Jason McCoy, Charles Ebetino, Lara Natural Resources, LLC, and Iron Management II, LLC have committed RICO

---

[1] Though Defendants have filed documents supporting the fact that Mark Bartkoski holds a three percent interest in Seneca, their reference to Mr. Bartkoski is somewhat misleading. Defendants have offered no citation to the record indicating that Bartkoski was an Ohio citizen in 2016 when Plaintiffs filed their Complaint. Additionally, in a deposition, Ebetino in fact stated that Bartkoski resides in Tumbler Ridge, British Columbia. Ebetino Dep. 147:15–20, ECF No. 252-4. But the facts surrounding Bartkoski's citizenship are inconsequential because ENCECO's membership alone destroys diversity.

Plaintiffs suggest that Bartkoski might be "stateless" for purposes of diversity jurisdiction because he is a U.S. citizen who is domiciled abroad, and imply that Seneca would therefore also be stateless. Pls.' Br. 10–11, ECF No. 263. This is of no consequence. If Plaintiffs' assertion is correct, Seneca's statelessness would destroy, not cure, jurisdiction over any claims against it. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.32 (3d Cir. 2015) (stating that if an American citizen is "domiciled abroad, he or she is 'stateless' for purposes of the diversity statute and cannot be sued in federal court based on diversity jurisdiction . . .").

violations by "conduct[ing] the affairs of Seneca . . . through a pattern of racketeering activity" designed to "fraudulently represent[] to Cliffs and CLF that Seneca was unable to pay amounts that it owed to those entities . . . ." Pls.' Proposed Fourth Am. Compl. ¶ 114, ECF No. 262-1. Specifically, Plaintiffs assert that Defendants' "pattern of racketeering activity" consisted of Seneca transferring funds to Defendants while representing that it had insufficient funds to make payments it owed to Plaintiffs. *Id.*

Plaintiffs suggest that, rather than dismiss this action, the court should grant them leave to file their Fourth Amended Complaint.

## II. Analysis

I clearly lack diversity jurisdiction over this matter. In his declaration, ENCECO, Inc. owner and board member Charles Ebetino states that ENCECO had a ten percent ownership interest in Seneca in December 2016 when Plaintiffs' filed their Complaint. Ebetino Decl. ¶ 4, ECF No. 255. This statement is corroborated by Seneca's "Amended and Restated Operating Agreement," dated December 6, 2016, which lists ENCECO as a member. Defs.' Ex. C, ECF No. 255-3. Ebetino also states that ENCECO "is now a member of a limited liability company named Mission Coal Company, LLC," which in turn holds an ownership interest in Seneca. Though the ownership structure has been reorganized, ENCECO remains a member of Seneca. Ebetino Decl. ¶ 6. Plaintiffs have not successfully called these facts into question.[2] The remaining question, then, is whether I may properly consider Plaintiffs' Motion to Amend.

In support of its Motion, Plaintiffs argue that a federal court may allow a plaintiff to amend its complaint to establish a new basis for jurisdiction. Pl.'s Br. 12–14, ECF No. 263. Yet, as Moore's Federal Practice has encapsulated the relevant law, "Essentially, a plaintiff may

---

[2] Given the existence of contemporaneous documentation of ENCECO's membership, Plaintiffs' request for further "jurisdictional discovery" is unwarranted.

correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment." 3 James Wm. Moore et al., Moore's Federal Practice § 15.14[3] (3d ed. 2017). Plaintiffs are correct that under certain limited circumstances courts have granted leave to amend to correct jurisdictional defects in a complaint. But my review of the relevant law leads me to conclude that a court does not have authority in a diversity case to grant leave to amend where jurisdiction in fact never existed, and the plaintiff asks the court to allow an entirely new claim arising under a federal statute based upon materially different facts.

The lead case in the Third Circuit is *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874 (3d Cir. 1992), which involved breach of contract and tort claims initially brought under federal admiralty jurisdiction. The district court in *Berkshire* had dismissed the plaintiff's claims after finding that requirements for admiralty jurisdiction had not been met, and denied the plaintiff's motion for leave to amend its complaint to allege diversity jurisdiction. *Id.* at 880–81. The Third Circuit reversed the district court's order denying leave to amend the complaint. The plaintiff proposed in its amended complaint to drop one non-diverse defendant for whom the amount in controversy was insufficient, but otherwise to proceed with all of the others claims set forth in its original complaint under diversity jurisdiction. *Id.* at 878, 880. The court explained: "We know of no absolute prohibition against asserting another basis for jurisdiction in an amendment to a pleading, provided that such jurisdiction would have existed at the time the complaint was originally filed. Many circuits have held that no such prohibition exists." *Id.* at 887 (citing cases). The court concluded that Federal Rule of Civil Procedure 15 permitted an amendment to "assert a new basis for subject matter jurisdiction." *Id.*

5

Notably, however, in *Berkshire* the Third Circuit also found the plaintiff had in fact stated a colorable claim arising under federal admiralty jurisdiction. It held that the district court needed to engage in further fact finding before dismissing for lack of jurisdiction, reasoning that if the parties only contemplated maritime transport for the goods at issue, the district court could assert admiralty jurisdiction. *Id.* at 886. Thus, unlike the case here, the court was not in the first instance conclusively without jurisdiction over plaintiff's claims. Moreover, there was actual diversity as to all parties once the deficit with respect to amount in controversy was cured and the non-diverse party dropped.

In reaching that outcome, the Third Circuit relied on cases in which a party's proposed amended complaint merely presented a different basis for jurisdiction over the complaint as originally filed, or corrected defects in allegations of jurisdictional facts. For example, it cited *United Steelworkers of America, AFL-CIO v. Mesker Brothers Industries*, 457 F.2d 91 (8th Cir. 1972), a case where the Eighth Circuit found that the plaintiffs—a labor union and an employee—could amend their complaint after it was dismissed for lack of subject matter jurisdiction. The original complaint asserted federal question jurisdiction under the Labor Management Relations Act, but the district court found that the complaint did not present a dispute over the interpretation of the collective bargaining agreement, and thus did not raise a federal question. *Id.* at 92. Asserting that they did not intend to imply that no breach had occurred, the plaintiffs moved to amend their complaint to clarify that the contract the employer entered with a health insurance provider violated the collective bargaining agreement. *Id.* at 92–93. The Eighth Circuit reversed the court's order denying leave to amend, finding that such an amendment was appropriate to establish jurisdiction. *Id.* at 93–94. The amendment did not

6

change the nature of the complaint; it merely presented new factual allegations that clarified the court's basis for assuming federal question jurisdiction.

Similarly, in *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981), the district court dismissed a *pro se* plaintiff's complaint for lack of subject-matter jurisdiction based on the finding that the plaintiffs brought the action under inapplicable federal statutes, and that while the action should have been filed under the Federal Tort Claims Act, plaintiffs had failed to exhaust administrative remedies. The district court then dismissed the action without any reference to plaintiffs' request for leave to file an amended complaint. *Id.* at 988–89. The Fifth Circuit reversed, allowing plaintiffs to amend, reasoning that the "requested amendment would have done no more than state *an alternative jurisdictional basis for recovery upon the facts previously alleged.*" *Id.* at 990 (emphasis added). *See also Local 179, United Textile Workers of Am., AFL-CIO v. Fed. Paper Stock Co.*, 461 F.2d 849, 851 (8th Cir. 1972) (finding that the district court should have granted leave to amend so that the union could join employees, who had standing under Title VII, to the class action it brought against defendant employer); *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980) (allowing plaintiff to file an amended complaint to properly allege that transactions at issue involved interstate commerce, as required for federal jurisdiction under the Clayton Antitrust Act); *John M. Peters Const. Co. v. Marmar Corp.*, 329 F.2d 421, 421 (6th Cir. 1964) (finding that plaintiff could amend his compliant, relying on *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952), a case allowing an amendment under 28 U.S.C. § 1653).

Here, unlike in *Berkshire* and the cases it cites, Plaintiffs asserted no colorable claim arising under federal law in their original complaint, or in the two amendments that followed. Plaintiffs seek to allege an entirely new theory of liability under a federal statute in an effort to

7

establish federal question jurisdiction retroactively. Plaintiffs' proposed amendment invokes a new cause of action that provides for remedies that were not available through Plaintiffs' initial fraudulent conveyance claims. Those initial claims might, at most, have resulted in an order requiring Defendants to remit transferred funds to Seneca, an injunction preventing further transfers, and the award of attorneys' fees. *See* Virginia Code §§ 55-81–55-82.2 (authorizing a court to "set aside a fraudulent conveyance or voluntary transfer . . ."). As I previously noted, in practical terms the fraudulent conveyance claims were included to facilitate collection if Plaintiffs prevailed.[3] In contrast, Plaintiffs' RICO claims could allow them to recover treble damages for any injury arising from Defendants' violations. 18 U.S.C. § 1964(c). I find it highly significant that Plaintiffs' previous claims provided no recovery of damages for the alleged fraudulent transfers, whereas their sole basis for now asserting federal question jurisdiction does.[4]

Additionally, in support of their RICO allegations, Plaintiffs call upon a new set of facts, with much of the alleged conduct arising after Plaintiffs filed the initial Complaint. Plaintiffs now assert, for example, that despite Defendants' assurances that they would not transfer funds from Seneca to outside entities during the litigation, Seneca nonetheless continued to do so, and without any notification as promised in a declaration filed with the court. Pls.' Proposed Fourth Am. Compl. ¶ 126. In asserting a RICO claim under 18 U.S.C. § 1962(a), which prohibits the investment of income derived from racketeering activity, Plaintiffs also allege that Defendants

---

[3] "[T]o a large degree, the fraudulent transfer claims ultimately implicate Cliffs' ability to satisfy a judgment should it prevail." *Cliffs Nat. Res. Inc. v. Seneca Coal Res., LLC*, 2017 WL 5148426, at *4 (D. Del. 2017).

[4] This is not to suggest that a federal court never has authority to grant leave to amend where a plaintiff seeks to establish jurisdiction by proceeding under a different cause of action. Federal courts have allowed amendments, for example, where a plaintiff asserts a new cause of action as a basis for federal jurisdiction, and the plaintiff seeks similar forms of recovery under substantially the same set of facts. *See, e.g.*, *Miller*, 636 F.2d at 990; *Thomas v. Advance Hous., Inc.*, 440 F. App'x 86, 87–88 (3d Cir. 2011).

used funds that had been transferred from Seneca to establish and operate an entity called Mission Coal Enterprise. Pls.' Proposed Fourth Am. Compl. ¶ 134–139. Mission Coal, and the facts surrounding Defendants' involvement in the company, appear nowhere in Plaintiffs' earlier complaints. In that sense, the newly asserted claims are ancillary to the contract dispute that is at the heart of the original case.

This is not a case where federal jurisdiction over the original claims existed, but the plaintiff simply failed to properly allege jurisdiction, or simply proceeded under the wrong statute. To the contrary, there was no federal question raised in any prior complaint, and in the absence of diversity, which did not exist then and does not exist now, no colorable basis for federal jurisdiction. Plaintiffs assert a new and fundamentally different cause of action based upon a different set of facts.

Courts have relied on 28 U.S.C. § 1653 in allowing a party to amend pleadings to cure jurisdiction, but this statute is not applicable here. Section 1653 reads: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Federal courts have interpreted this language as allowing amendments only to cure defects in the pleadings, for example where a party fails to properly allege facts supporting jurisdiction that actually exists. Indeed, "every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831–32 (1989). And the Third Circuit has held that "§ 1653, while designed to permit amendment broadly to avoid dismissal of suits on technical grounds, authorizes federal courts to allow amendment only of defective allegations of jurisdiction; it does not provide a remedy for defective jurisdiction itself." *Field v.*

*Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980). Consequently, § 1653 provides no authority by which I may consider Plaintiffs' Motion.

Plaintiffs have located only one case where a district court, having found diversity jurisdiction lacking, nonetheless found that it could consider the merits of a proposed amendment alleging a new claim as a basis for federal question jurisdiction, *Agostino Ferrari, S.p.A. v. Antonacci*, 858 F. Supp. 478, 480 (E.D. Pa. 1994). *Agostino* relied exclusively on *Berkshire*.[5] I do not read *Berkshire* as broadly, because, as noted above, there was a colorable basis for admiralty jurisdiction there, and an actual basis for diversity jurisdiction at the outset of the case. In that regard, I find it significant that *Berkshire* relied in part on cases applying § 1653, which the Third Circuit itself in *Field* has explicitly held does not cure an absence of jurisdiction.[6]

Simply put, because federal diversity jurisdiction does not exist, I have no jurisdiction to consider Plaintiffs' Motion. The Supreme Court has recognized that once jurisdiction ceases to exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In deciding whether to grant Plaintiffs' Motion to Amend under Rule 15(a)(2), I would need to consider substantively the merits of Plaintiffs' RICO claims to determine whether the proposed amendment would be futile, beyond simply considering procedural matters such as "undue delay or dilatory motive." *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *Foman v. Davis*, 371 U.S. 178, 182 (1962). To engage in such an analysis, I must first have jurisdiction. Presented with an

---

[5] It should also be noted that following a brief citation to *Berkshire*, the court denied leave to amend.

[6] Plaintiffs also cite *Thomas v. Advance Housing, Inc.*, 440 F. App'x 86, 87–88 (3d Cir. 2011), a non-precedential opinion in which the Third Circuit found that a *pro se* plaintiff, who alleged only state law discrimination claims against a non-diverse defendant, could amend his complaint to establish federal question jurisdiction by alleging violations under Title VI of the 1964 Civil Rights Act. Once again, in contrast to this case, there was actual federal question jurisdiction under the facts pleaded at the outset of the case.

amendment to assert new and substantively distinct claims, I have no authority under any legal precedent, or under 28 U.S.C. § 1653, to allow an amendment to cure jurisdiction. *See generally Broad v. DKP Corp.*, 1998 WL 516113 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 898 (2d Cir. 1999); *Asset Value Fund Ltd. P'ship v. The Care Grp., Inc.*, 179 F.R.D. 117, 118 (S.D.N.Y. 1998); *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, 2017 WL 436250, at *5–8 (D.N.J. 2017); *Falise v. Am. Tobacco Co.*, 241 B.R. 63 (E.D.N.Y. 1999); *Saxon Fibers, LLC. v. Wood*, 118 F. App'x 750 (4th Cir. 2005).

Plaintiffs' frustration is both palpable and understandable. In seeking transfer, Defendants represented that this court had jurisdiction. But federal jurisdiction cannot be created by estoppel. Moreover, from the perspective of the Court, Plaintiffs appear to have diligently prosecuted claims involving substantial amounts with the goal of avoiding delay and reaching trial. But that does not alter this court's lack of power to act. Because diversity jurisdiction does not exist, this case must be dismissed under Federal Rule of Civil Procedure 12(b)(1), without consideration of Plaintiffs' Motion to Amend.[7]

        /s/ Gerald Austin McHugh
United States District Judge

---

[7] Plaintiffs have requested that if Defendants' Motion to Dismiss is granted, the court enter an order allowing Cliffs to file its Fourth Amended Complaint as a new action, and designate this action as a related case under Delaware Local Rule 3.1. Pls.' Br. 5, ECF No. 263. Putting to one side the Court's discomfort in pursuing a course that looks like strategic collaboration with a party, I have no authority to issue such an order in the absence of jurisdiction, and in technical terms, this cannot be a related "case" because where there is no jurisdiction, there is no case.