**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC.; <br> CLF PINNOAK LLC, <br>     Plaintiffs, <br> <br>     v. <br> <br> SENECA COAL RESOURCES, LLC.; <br> THOMAS M. CLARKE; <br> ANA M. CLARKE; <br> KENNETH R. MCCOY; <br> JASON R. MCCOY; <br> LARA NATURAL RESOURCES, LLC; <br> IRON MANAGEMENT II, LLC, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION** <br> No. 17-567 |

**ORDER**

This 4th day of May, 2018, for the reasons set forth below, it is hereby **ORDERED** as follows:

1) The Clerk shall reopen this case for the limited purpose of recording this Order.

2) The letter from Plaintiffs Cliffs Natural Resources Inc. and CLF Pinnoak LLC [hereinafter "Cliffs"], ECF No. 278, shall be deemed a motion to modify the terms of the Amended Stipulated Protective Order, ECF No. 94.

3) Cliffs' motion to modify the Protective Order is **GRANTED**, and the Order is amended to allow use of all discovery generated in this case in any further litigation of claims that were the subject of this action, or arose out of discovery conducted during the pendency of this action.

Federal courts have certain inherent powers. Such power encompasses the authority to address issues that do not concern the merits of the case even after the court has concluded that it

lacks jurisdiction, *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992), and unquestionably extends to matters such as protective orders. Any contrary result would be unreasonable, as it would strip the court of power that it needs to further the orderly administration of justice. For example, if a court's power to enforce a protective order expired following a loss of jurisdiction, whether by resolution of the case or otherwise, any party could simply violate the terms of such an order with no fear of sanctions.

In addition to that inherent power, the parties here entered into a Stipulated Order for which they sought the endorsement of the court. Paragraph 16 of that Order reads: "The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Order as it may from time to time deem appropriate." Am. Stipulated Order ¶ 16, ECF No. 94. Accordingly, for purposes of this Order, the parties have consented to the continued jurisdiction of the Court.

The modification of the Order here is necessary to further the interest of justice. Substantial federal judicial resources have been expended in the management of this case. The case is not only trial-ready, but had a date certain for trial in July. The public interest would be frustrated if this substantial investment of resources by the Court were to be wasted.

      /s/ Gerald Austin McHugh
United States District Judge